**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 97-10933

_____

TONY KUTCHE, II,

Plaintiff-Appellant,

VERSUS

ROBERT RUBIN, Secretary,
United States Department of Treasury

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(4:96-CV-683-A)
_____

April 15, 1998

Before KING, DAVIS, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Tony Kutche, II appeals the district court's order granting summary judgment in favor of defendant in this employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 20003 _et seq._ and the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 _et seq._

The district court granted summary judgment on the ground that

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Kutche failed to raise a genuine issue of fact as to one of defendant's proffered legitimate nondiscriminatory reasons for failing to promote him. We agree that Kutche failed to present any evidence to create a fact issue as to whether defendant chose not to promote him because of his negative attitude. Even assuming that Kutche produced sufficient evidence to raise a fact issue as to defendant's other proffered reason for failing to promote him -- that the candidate selected for the position was otherwise more qualified -- we agree with the district court that this is not a case where "disparities in curricula vitae are so apparent virtually to jump off the page and slap us in the face." *See EEOC v. Louisiana Office of Community Servs.*, 47 F.3d 1438, 1445 (5th Cir. 1995). Thus, this proffered reason is not so highly questionable as to cast doubt on defendant's other articulated rationale. *See Rhodes v. Guiberson Oil Tools*, 75 F.3d 989, 994 (5th Cir. 1996) (en banc).

We also conclude that the district court did not abuse its discretion in entertaining defendant's motion for summary judgment before the close of discovery. Defendant moved for summary judgment a few weeks before the close of discovery and over nine months after Kutche filed suit. Thus, Kutche had adequate opportunity to conduct discovery before the district court granted summary judgment.

AFFIRMED.

2